| Attorney or Party Name, Address, Telephone & Fax Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James E. Till, Esq. (SBN 200464)<br>TILL LAW GROUP<br>120 Newport Center Drive<br>Newport Beach, CA 92660<br>Telephone: (949) 524-4999<br>Email: james.till@till-lawgroup.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>CCC CONSULTING CORPORATION,<br><br>      Debtor. | CASE NO. 2:22-bk-16853-ER<br><br>CHAPTER 11<br>(Subchapter V) |
|---|---|
| | **SUBCHAPTER V STATUS REPORT** |
| | **Status Conference**:<br>DATE:         August 23, 2023<br>TIME:         10:00 a.m.<br>COURTROOM: 1568<br>                    Roybal Federal Building<br>                    255 E. Temple Street<br>                    Los Angeles, CA 90012 |

**Status Conference Location:**

☒    255 East Temple Street, Los Angeles, CA 90012

☐    411 West Fourth Street, Santa Ana, CA 92701

☐    21041 Burbank Boulevard, Woodland Hills, CA 91367

☐    1415 State Street, Santa Barbara, CA 93101

☐    3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                          **F 2015-3.1.SUBV.STATUS.RPT**
- 1 -

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUBCHAPTER V TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR COUNSEL:**

  **PLEASE TAKE NOTICE** that the debtor and debtor-in-possession in this case ("Debtor") is proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("Bankruptcy Code" or "U.S.C."),[1] and the Bankruptcy Court will hold a status conference at the date, time, and place set forth above. The Debtor is filing this Status Report pursuant to 11 U.S.C. § 1188(c) and LBR 2015-3(b).[2] Check your presiding judge's procedures to see if, in addition to this Status Report, you must also file Local Form F 2081-1.1.C11.STATUS.RPT, or any other form of Status Report.

**1.**  **The Plan:**

  1.1 What type of plan will the Debtor propose?

    ☐ Consensual (i.e., with agreement or consent of creditors and other interested parties)
    ☐ Nonconsensual[3]
    ☒ Undetermined

  1.2 Explain why the Debtor expects the plan to be consensual or nonconsensual, or the reason why it is undetermined at this time:

Debtor filed its Plan on March 16, 2023. While it continues to remain unclear at this time whether a consensual plan is possible, Debtor has had productive and continuing discussions with several interested parties, including the single largest secured creditor (i.e., the SBA), the duly appointed Subchapter V Trustee, and the San Carlos landlord. Based on those discussions, the Debtor intends to amend its Plan to address the issues raised by these parties, with the goal of obtaining a consensual plan.

  1.3 Will the Debtor file the plan within the deadline of 90 days from the petition date imposed by § 1189(b)?

    ☒ Yes
    ☐ No

---

[1] Subchapter V of chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020. All references to "Section" or "§" are to the Bankruptcy Code or Title 11 of the United States Code.

[2] "Not later than 14 days before the date of the status conference under subsection (a), the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

[3] The term "nonconsensual plan" for purposes of this Status Report means a plan confirmed under § 1191(b).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*  **F 2015-3.1.SUBV.STATUS.RPT**

- 2 -

If "No," explain why, and state when the Debtor will file its[4] plan:

1.4    Please summarize the basic nature of the plan:

The Plan proposes to pay the Debtor's creditors from the Debtor's cash and future income.

The Plan provides for:    2 Classes of priority claims;
4 Classes of secured creditors
1 Class of non-priority unsecured claims, and
1 interest of equity holders.

Non-priority unsecured creditors holding Allowed Claims will receive distributions which the Debtor has valued at approximately ten cents ($0.10) on the dollar.  The Plan also provides for the payment of administrative and priority claims.

## 2.    Efforts Toward Consensual Plan:[5]

2.1    Describe the efforts the Debtor has taken so far to obtain the consent of creditors for a consensual plan:

As described above in Section 1.2, the Debtor has had productive discussions with several interested parties, including the single largest secured creditor (i.e. the SBA), the duly appointed Subchapter V Trustee, and the San Carlos landlord.  Based on those discussions, the Debtor intends to amend its Plan to address the issues raised by these parties, with the goal of obtaining a consensual plan.

2.2    Describe the efforts the Debtor will take in the future to obtain the consent of creditors for a consensual plan:

In addition to the efforts described in Sections 1.2 and 2.1, the Debtor will evaluate and consider any additional objections (if any) that may be raised to the Plan, and attempt, to the extent possible, to reach a consensual resolution with such party or parties.

2.3    Describe the efforts that Debtor has taken so far to reach out to creditors and other parties in interest about a plan, and if none, explain the Debtor's reasons for not reaching out to creditors and parties in interest about a plan:

---

[4] In this Status Report, "it" in referring to the Debtor also refers to "him" or "her."
[5] This Status Report does not ask the Debtor to disclose any confidential, secret, and/or privileged information. *See generally* 11 U.S.C. § 1188(c). Please govern your responses accordingly.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*    **F 2015-3.1.SUBV.STATUS.RPT**

As described above in Sections 2.1 and 2.2, the Debtor continues to actively work with interested parties to obtain a consensual plan.

    2.4    Identify the parties with whom the Debtor has discussed a plan. Select all that apply:

- ☒ Secured creditors
- ☒ Priority creditors
- ☒ Unsecured creditors
- ☐ Equity interest holders
- ☒ The subchapter V trustee
- ☐ Others (describe: <fill in>)

**3.** **Appointment of Committees and Disclosure Statement:**

    3.1    In the Debtor's view, is there any "cause" for the Court to order the appointment of a committee of creditors pursuant to § 1181(b) and § 1102(b)?

- ☐ Yes
- ☒ No

Explain your answer:

With oversight by the UST and Subchapter V Trustee, a disclosure statement likely would be an unnecessary use of estate and judicial resources.

    3.2    In the Debtor's view, is there any "cause" for the Court to order the filing of a separate disclosure statement pursuant to § 1181(b) and § 1125?

- ☐ Yes
- ☒ No

Explain your answer:

As described above in Section 3.1, a disclosure statement likely would be an unnecessary use of estate and judicial resources.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*      **F 2015-3.1.SUBV.STATUS.RPT**

- 4 -

**4.    Reporting Compliance:**

    4.1    Has the Debtor filed all the documents required under § 1187(a)?[6]

        ☒    Yes
        ☐    No

If "No," identify the documents that were required to be filed[7] but were not:

        ☐    (a) the Debtor's most recent balance sheet
        ☐    (b) the most recent statement of the Debtor's operations
        ☐    (c) the Debtor's most recent cash-flow statement
        ☐    (d) the Debtor's most recent Federal income tax return

Has the Debtor filed a statement under penalty of perjury that the Debtor has not prepared a balance sheet, statement of operations, and/or cash-flow statement and/or that Debtor has not filed its Federal income tax return as required by § 1116(1)(B)?

        ☐    Yes
        ☐    No
        ☒    Not applicable

If "Yes," identify each unprepared or unfiled document, and explain why the document was not prepared or filed and how the Debtor intends to prepare or file the document:

    4.2    Has the Debtor filed all Small Business Monthly Operating Reports (Official Form B 425C) ("MORs") as required under § 308?

        ☒    Yes
        ☐    No

---

[6] The filing of this Status Report does not relieve the Debtor of the requirements of 11 U.S.C. § 1187(a) and § 1116(1)(A) to append the required documents to the bankruptcy petition.

[7] Section 1116(1) requires these documents to be "append[ed] to the voluntary petition."

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*     **F 2015-3.1.SUBV.STATUS.RPT**

- 5 -

If "No," or if portions of the MORs are deficient, identify which portions are deficient or not reported fully:

☐ (a) Reports regarding Debtor's profitability

☐ (b) Reports regarding reasonable approximations of projected cash receipts and disbursements over a reasonable period

☐ (c) Reports regarding comparisons of actual cash receipts and disbursements with projections in prior reports

☐ (d) Reports regarding whether the Debtor is (i) in compliance in all material respects with postpetition requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and (ii) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due

☐ (e) Reports regarding Debtor's failure to make either of the reports in the immediately preceding paragraph (d) (as required by § 308(b)(5))

☐ (f) Reports regarding such other matters as are in the best interests of the Debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11

For any deficiencies in the MORs, identify each specific portion that is deficient, and explain why it is deficient and how Debtor intends to correct the deficiency:

**5. Other Code Compliance:**

5.1 Did the Debtor attend the initial debtor interview, the § 341(a) meeting of creditors, and otherwise comply with § 1116(2)?

☒ Yes
☐ No

If "No," explain why and when the Debtor intends to comply with these requirements:

5.2 Has the Debtor filed all schedules and statements of financial affairs, or otherwise complied with exceptions or extensions in § 1116(3)?

☒ Yes
☐ No

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                           **F 2015-3.1.SUBV.STATUS.RPT**

- 6 -

        If "No," explain why and when the Debtor intends to comply with these requirements:

5.3    Has the Debtor maintained insurance customary and appropriate to the industry, subject to § 363(c)(2), in compliance with § 1116(5)?

        ☒    Yes
        ☐    No

        If "No," explain why and when the Debtor intends to comply with this requirement:

5.4    Has the Debtor timely filed tax returns and other governmental filings with the appropriate governmental entities, and paid all taxes entitled to administrative expense priority required to be paid under § 1116(6)?

        ☐    Yes
        ☒    No

        If "No," explain why the Debtor has not timely filed tax returns and other governmental filings or paid all required administrative expense priority taxes and when the Debtor intends to comply with these requirements:

        Debtor has filed and paid all taxes up to 2021; Debtor plans to file 2022 returns by or before the Oct 15, 2023 deadline.

5.5    Has the Debtor allowed the United States Trustee to inspect the Debtor's premises, books, and records, and otherwise complied with § 1116(7)?

        ☐    Yes
        ☒    No

        If "No," explain why and when the Debtor intends to comply with this requirement:

No such request has been made of the Debtor.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*        F 2015-3.1.SUBV.STATUS.RPT

- 7 -

**6.    Cash Collateral:**

    6.1    Does any entity assert that any property of the bankruptcy estate constitutes its cash collateral?

        ☒    Yes
        ☐    No

    If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The U.S. Small Business Administration, ODK Capital, LLC, Pinnacle Business Funding LLC, and Kalamata Capital LLC – cash and cash equivalents on hand, and hereafter generated.

    6.2    Is the Debtor currently using, selling, and/or leasing any property of the bankruptcy estate that any entity contends is its cash collateral?

        ☒    Yes
        ☐    No

    If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

The U.S. Small Business Administration, ODK Capital, LLC, Pinnacle Business Funding LLC, and Kalamata Capital LLC – cash and cash equivalents on hand, and hereafter generated.

    6.3    Since the filing of this bankruptcy case, has the Debtor used, sold, and/or leased any property of the bankruptcy estate that an entity contends is its cash collateral?

        ☒    Yes
        ☐    No

    If "Yes," identify each such entity and what is the property that the entity asserts is its cash collateral.

Cash and cash equivalents on hand and hereafter generated.

    6.4    Has the Court approved any orders authorizing the use of cash collateral?

        ☒    Yes
        ☐    No

6.5 Has every entity having any interest in cash collateral that is property of the bankruptcy estate consented to its use?

☐ Yes
☒ No **
☐ Not applicable

** Certain junior "secured" creditors, whose interests are likely unsecured given the SBA's senior secured position and the value of the collateral, have neither consented nor objected.

**7.  "First Day" Motions:**

7.1 Has the Debtor filed any of the following "first day" motions, if applicable:

☒ Cash collateral
☐ DIP financing
☒ Prepetition non-insider wage payments
☒ Cash management authority
☐ Utilities
☐ Limit notice
☐ Joint administration
☐ Critical vendor
☐ Others (describe: <fill in>)

7.2 Do prepetition plan support agreements exist?

☐ Yes
☒ No

If "Yes," attach copies to this Status Report.

**8.  Additional Information:**

8.1 What additional information would the Debtor like to disclose to the Court concerning this chapter 11 case or the plan (e.g., executory contracts or unexpired leases, extending bar date for proofs of claims or interests, sale or surrender of real and/or personal property, the Debtor's exit strategy)?

As described above in Section 1.2, Debtor intends to file an amended Plan.

As a result of materially reduced foot traffic and sales from the Santa Barbara location, the Debtor was recently forced to cease operations in Santa Barbara. Similarly, foot traffic and sales are down year over year at the Debtor's San Carlos location, and the Debtor is seeking rent concessions from the San Carlos

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*    **F 2015-3.1.SUBV.STATUS.RPT**
- 9 -

landlord in order to maintain an economically viable business.  The success of those negotiations are critical to the success of this Subchapter V reorganization.

*[Signature(s) on Following Page]*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                                                                                **F 2015-3.1.SUBV.STATUS.RPT**

- 10 -

Dated: August 9, 2023         Respectfully submitted,

    James E. Till
Name of Debtor's Counsel


  /s/ James E. Till
Signature of Debtor's Counsel

Name of Law Firm: TILL LAW GROUP
Address:
120 Newport Center Drive
Newport Beach, CA 92660
Telephone number: (949) 524-4999
Email Address: *james.till@till-lawgroup.com*

I/we declare, under penalty of perjury, that I/we have read and reviewed all of the information provided in this Status Report and that it is true, correct, and accurate.

Dated: August 9, 2023

  Edmund (Ted) Cutting
Name of Debtor/Debtor Representative


    CEO/CFO
Relation to Debtor


_____
Signature of Debtor/Debtor Representative

Dated: 8/9/2023

_____
Name of Co-Debtor (if any)


_____
Signature of Co-Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2021*                                                                  **F 2015-3.1.SUBV.STATUS.RPT**

- 10 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
120 Newport Center Drive, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **SUBCHAPTER V STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 9, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Attorneys for Debtor CCC Consulting Corporation:  **James E Till**:  james.till@till-lawgroup.com; martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com
- Subchapter V Trustee:  **Mark M Sharf (TR)**:  mark@sharflaw.com; C188@ecfcbis.com; sharf1000@gmail.com
- Attorneys for Creditor JMS Development Partners, LLC:  **Michael S Greger, William W Huckins**: mgreger@allenmatkins.com; whuckins@allenmatkins.com; clynch@allenmatkins.com; igold@allenmatkins.com; kpreseton@allenmatkins.com
- United States Trustee (SA):  ustpregion16.la.ecf@usdoj.gov; **Hatty Yip**:  hattie.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  August 9, 3023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached US Mail service list

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to General Order 23-01, except for documents over 25 pages including exhibits, the requirement to deliver judges' copies of documents to chambers (LBR 5005-2(d)) is temporarily suspended.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 9, 2023 | Martha Araki | /s/ Martha Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**

**2. Parties to be served via US Mail:**

**CCC CONSULTING CORPORATION**

**MAILING LABELS (20 Largest, Secured, 2002)**

20 Largest Unsecured Creditor
American Express
Rausch Sturm LLP
250 N Sunnyslope Rd Ste 300
Brookfield, WI 53005

20 Largest Unsecured Creditor
Aramark
PO Box 101179
San Mateo, CA 94403

20 Largest Unsecured Creditor
Coors Distributing
Attn Blair Lynzie
5400 Pecos
Denver, CO 80221

20 Largest Unsecured Creditor
Denver Beverage
Attn Nick Christensen
353 West 56th Ave
Denver, CO 80216

20 Largest Unsecured Creditor
Denver Water
P O Box 173343
Denver, CO 80217

20 Largest Unsecured Creditor
Devils Canyon Brewing Company
Attn Chris
935 Washington St
San Carlos, CA 94070

20 Largest Unsecured Creditor
Direct TV
P O Box 5006
Carol Stream, IL 60197

20 Largest Unsecured Creditor
Essential Plastics
Attn Milena Nichols
4901 Nome St
Denver, CO 80239

20 Largest Unsecured Creditor
Golden Brands
245 S Spruce Ave #900
South San Francisco, CA 94080

20 Largest Unsecured Creditor
Image Systems Signs Inc
Attn: Sergio Meiron
870 Crenshaw Blvd Unit 101
Los Angeles, CA 90005

20 Largest Unsecured Creditor
JMS Development Partners
Attn Angi DiPaola
P O Box 1334
San Carlos, CA 94070

20 Largest Unsecured Creditor
Matagrano Inc
Attn R Fernandez
P O Box 2588
South San Francisco, CA 94083

20 Largest Unsecured Creditor
Republic Service
P O Box 78839
Phoenix, AZ 85062

20 Largest Unsecured Creditor
Southern California Gas
Remittance Processing
1801 S Atlantic Blvd ML 711D
Monterey Park, CA 91754

20 Largest Unsecured Creditor
Southern Glazers
Attn Thomas Koehorst
PO Box 742313
Los Angeles, CA 90074

20 Largest Unsecured Creditor
Southern Glaziers of CO
Attn Dan Haveck
22800 E 19th Ave
Aurora, CO 80019

20 Largest Unsecured Creditor
US Foods
P O Box 394766
San Francisco, CA 94139

Secured Creditor
Celtic Bank
268 State St #300
Salt Lake City, UT 84111

Secured Creditor
Pinnacle Business Funding LLC
1202 Ave U Ste 1115
Brooklyn, NY 11229

Secured Creditor
Small Business Administration
Office of the General Counsel
312 N Spring St 5th FL
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE