Mark M. Sharf
Subchapter V Trustee
6080 Center Drive, 6th Floor
Los Angeles, CA 90045
Telephone: (323)612-0202
Email: mark@sharflaw.com

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case Number: 2:22-BK-16853-WB |
| CCC CONSULTING CORPORATION. | Chapter 11 |
| Debtor(s). | TRUSTEE'S OBJECTION TO PLAN CONFIRMATION |
| | Date: February 15, 2024<br>Time: 10:00 a.m.<br>Ctrm 1375 |

　　　　Mark Sharf, Subchapter V Trustee ("Trustee"), hereby opposes Plan confirmation absent resolution of the following issues:

　　　　1.　　Treatment of Class 6 Unsecured Claims Is Improper

　　　　The treatment of Class 6 in the plan of reorganization is simply that each holder of a Class 6 claim will be paid its "pro-rata share of the Debtor's net disposable income" in bi-annual installments over a period of five years. Doc 114, p. 4. However, if confirmation is non-consensual, 11 U.S.C. 1191(c)(2) requires that the plan provide that "projected disposable income" of the Debtor be applied to make payments under the plan. As noted by the Ninth Circuit in the Chapter 13 context, actual disposable income and projected disposable income are entirely separate concepts. Anderson v. Satterlee (In re Anderson) 21 F.3d 355 (9th Cir. 1994).

The Debtor has already indicated that it will have projected disposable income of $175,987.14. See second to last paragraph on page 1 of the Plan. That amount is the minimum amount which must be paid to creditors under the Plan. The plan is objectionable as drafted because it appears to pay actual disposable income, not projected disposable income, to creditors.

2. <u>Assets Must Not Revest In the Debtor If Confirmation Is Not Consensual</u>

Article 7.A.2. of the Plan currently provides that on the effective date all assets revest in the reorganized debtor. However, Section 1186 of the Bankruptcy Code explicitly contemplates that post confirmation income will be property of the bankruptcy estate, at least until the discharge is granted in the case. As noted in <u>A Guide To The Small Business Reorganization Act of 2019</u>, Rev'd June 2022 by the Honorable Paul W. Bonapfel, United States Bankruptcy Judge for the Northern District of Georgia (at p. 243, Section XI.B., which can be found at https://www.flsb.uscourts.gov/sites/flsb/files/documents/Guide_to_the_Small_Business_Act_of_2019_%28Hon._Paul_Bonapfel_rev._06-2022%29.pdf ):

> "Section 1186 conflicts with the vesting provisions of § 1141(b), which SBRA does not amend. Recall that § 1141(b) provides for vesting of property of the estate in the debtor upon confirmation. Section 1186, however, keeps the property in the estate when cramdown confirmation occurs.
>
> The purpose seems to be to maintain judicial supervision of a debtor's assets and earnings after cramdown confirmation. This objective is consistent with other provisions of subchapter V that apply in the cramdown situation. For example, the trustee continues to serve after confirmation [fn 582] and makes payments under the plan, [fn 583] and discharge does not occur until the debtor has completed payments for the specified period. [fn 584].
>
> When statutes conflict, principles of statutory construction favor application of the newer statute or the more specific one. [fn 585]. Section 1186 is newer and more specific. Moreover, its application carries out the purpose of the statutory scheme of which it is a part. Under these concepts, the provisions of §1186 defining property of the estate appear to control over the conflicting vesting provisions in § 1141(b).

582 See Section IV(D)(1).

583 See Section IX(B).

584 See Section X(B).

585 "[S]tatutes relating to the same subject matter should be construed harmoniously if possible, and if not, the more recent or specific statues should prevail over older or more general ones." United States v. Lara, 181 F.3d 183, 198 (1st Cir. 1999) (citing HCSC-Laundry v. United States, 450 U.S. 1, 6 (1981) and Morton v. Mancari, 417 U.S. 535, 550-51 (1974)); accord, e.g., In re Southern Scrap Material Co., LLC, 541 F.3d 584, 593 n. 14 (5th Cir. 2008); Tug Allie-B, Inc., v. United States, 273 F.3d 936, 941, 948 (11th Cir. 2001); Southern Natural Gas Co. v. Land, Cullman County, 197 F.3d 1368, 1373 (11th Cir. 1999); In re Southern Scrap Material Co., LLC, 541 F.3d 584, 593 n. 14 (5th Cir. 2008); see 2B Sutherland Statutory Construction § 51:2 (7th ed. 2019-20 Supp.)."

3.  <u>If Confirmation Is Not Consensual, Recovery Rights Must Not Be Transferred To The Debtor On Confirmation. Rather, They Should Be Transferred to the Subchapter V Trustee For Prosecution (And To Supplement Any Distribution To Unsecured Creditors).</u>

Recovery Rights (as defined in the plan to include all avoidance power actions) also should not transfer to the Debtor.  Rather, they should remain the property of the estate which do not vest in the Debtor.  Article 7 A. 7 of the Plan contradicts this and should be stricken in any confirmation order (unless confirmation is consensual).

<u>It is critical to note</u> that the Amended Statement of Financial Affairs filed in this case states, in response to questions 4 (insider preferences) and 30 (insider distributions):

> "In the 1 year prior to the Petition Date, Debtor has paid debts either via cash or use of Debtor's credit cards in efforts to keep the affiliated restaurants open.  Due to the nature of the transactions, Debtor is unable to provide details regarding the payments made that benefitted the affiliates."

Doc. 46-1, pp 2 and 12.

Incredibly, almost a year has elapsed since this was filed and the Debtor has failed to amend its schedules to show the amounts of these transactions nor to whom they were paid. The result is that the liquidation analysis attached to the Plan is insufficient. Unless an accounting is performed currently (either by the Debtor or, if ordered under 11 U.S.C. 1183(b)(2) by the Trustee), the only practical way to resolve this issue at this point is to have these actions vest in the Subchapter V Trustee for post-confirmation prosecution, with additional funds received, if any, to be paid both for the Subchapter V Trustee's fees and expenses and to unsecured creditors. It should also be noted that the Plan should be amended to provide for payment of the Subchapter V Trustee's post-confirmation fees by the Debtor regardless of whether there is a recovery on said avoidance power claims.

4. **The Debtor Should Complete Any Lien Stripping Motions Prior to Plan Confirmation**

The Debtor's Plan assumes that Classes 3, 4 and 5 will be avoided. See Footnote 3 on page 16 of the Plan. This would have a material impact on the amount to be received by unsecured creditors (both because those claims would not be paid in full and because they would dilute the recovery to be received by other unsecured creditors).

To date the Debtor has not filed nor served lien stripping motions on Classes 3, 4 and 5. This would need to occur prior to or concurrent with plan confirmation, consistent with F.R.B.P. 3012.

CONCLUSION

Wherefore, the Trustee prays that the Plan not be confirmed unless there is appropriate language in the confirmation order regarding the objections raised herein, that the Debtor be required to pay for the Trustee's fees incurred post-confirmation, and that confirmation not occur until a hearing is held regarding any 11 U.S.C. 506 motions related to Classes 3, 4 and 5.

Dated: January 16, 2024                    /s/ Mark M. Sharf_____
                                           Mark M. Sharf, Subchapter V Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

6080 Center Dr., Suite 600, Los Angeles, CA 90045

A True And Correct Copy Of The Foregoing Document Entitled (*Specify*): ____ Trustee's Objection To Plan Confirmation_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___1/16/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
Matthew D Pham    mpham@allenmatkins.com, mdiaz@allenmatkins.com
Mark M Sharf (TR)    mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
James E Till    james.till@till-lawgroup.com, martha.araki@till-lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/16/2024 | Mark M. Sharf | /s/ Mark M. Sharf |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**