1  James E. Till (State Bar No. 200464)
   TILL LAW GROUP
2  120 Newport Center Drive
3  Newport Beach, CA  92660
   Telephone:  (949) 524-4999
4  Email:  james.till@till-lawgroup.com

5  Attorneys for CCC Consulting Corporation,
   Debtor and Debtor-in-Possession
6

7              **UNITED STATES BANKRUPTCY COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9

10  In re:                          │  Case No. 2:22-bk-16853-WB
11  **CCC CONSULTING CORPORATION,**   │  Chapter 11 – Subchapter V
12                                  │
            Debtor and Debtor-       │  **DEBTOR'S MOTION FOR ORDER:**
13          in-Possession.           │
                                    │  **(1) AUTHORIZING SALE OF (i) DEBTOR'S**
14                                  │  **LIQUOR LICENSE, AND (ii) DEBTOR'S**
15                                  │  **PERSONAL PROPERTY, FREE AND**
                                    │  **CLEAR OF ALL LIENS, INTERESTS,**
16                                  │  **CLAIMS, AND ENCUMBRANCES WITH**
                                    │  **SUCH LIENS, INTERESTS, CLAIMS, AND**
17                                  │  **ENCUMBRANCES TO ATTACH TO**
                                    │  **PROCEEDS PURSUANT TO 11 U.S.C.**
18                                  │  **§§ 363(b) AND (f);**
                                    │
19                                  │  **(2) APPROVING OVERBID PROCEDURES;**
20                                  │  **(3) DETERMINING BUYER OR**
                                    │  **SUCCESSFUL BIDDER IS ENTITLED TO**
21                                  │  **PROTECTION PURSUANT TO 11 U.S.C. §**
                                    │  **363(m);**
22                                  │
                                    │  **MEMORANDUM OF POINTS AND**
23                                  │  **AUTHORITIES AND DECLARATION OF**
                                    │  **EDMUND CUTTING IN SUPPORT**
24                                  │  **THEREOF**
                                    │
25                                  │  <u>**HEARING**</u>**:**
                                    │  Date:       August 15, 2024
26                                  │  Time:       10:00 a.m.
                                    │  Courtroom: 1375
27                                  │              United States Bankruptcy Court
                                    │              255 E. Temple St.
28                                  │              Los Angeles, CA  90012

---

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 3

II.   FACTUAL BACKGROUND .............................................................................. 3
      A.    Bankruptcy Case and Jurisdiction ..................................................... 3
      B.    Debtor's Background and Events that Led to the Filing of its
            Chapter 11 Case and Current Status of Debtor and its Operations ........................... 3
      C.    The Property .......................................................................................... 4
      D.    Marketing Efforts, Sale Process and Terms ..................................... 4

III.  TERMS OF PROPOSED SALE ........................................................................ 5
      A.    The Purchase Agreement ..................................................................... 5
            1.    Sale Price .................................................................................. 5
            2.    Earnest Money Deposit ........................................................... 6
            3.    Brokers' Commission ............................................................... 6
            4.    Sale and Closing Costs ........................................................... 6
            5.    No Representations or Warranties ......................................... 6
            6.    Contingencies ........................................................................... 6
            7.    Overbid ..................................................................................... 6
            8.    Close of Escrow ....................................................................... 6
            9.    Bankruptcy Court Jurisdiction .............................................. 6
            10.   Tax Consequences ................................................................... 6
      B.    Overbid Procedures .............................................................................. 6
            1.    Present at Hearing ................................................................... 7
            2.    Notice of Overbid .................................................................... 7
            3.    Earnest Money Deposit ........................................................... 7
            4.    Initial Overbid ......................................................................... 7
            5.    Successful Overbidder Subject to Terms of Purchase Agreement ................ 7
            6.    Liquidated Damages, Successful Bidder's Default ............. 8

IV.   ENCUMBRANCES AND PROPOSED DISTRIBUTION OF SALE PROCEEDS ........... 8

V.    DISCUSSION ...................................................................................................... 8
      A.    The Court Should Authorize the Sale of the Property i8
            Accordance with the Purchase Agreement ....................................... 8
            1.    Sound Business Purpose ......................................................... 9
            2.    Fair and Reasonable Price, Adequate Marketing ............... 10
            3.    Good Faith ................................................................................ 10
      B.    The Court Should Authorize the Proposed Sale Free and Clear of All
            Liens, Interests, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(f) .......... 11
            1.    The Property May Be Sold Free and Clear of the
                  Encumbrances Pursuant to Section 363(f)(2) ...................... 12
            2.    The Property May Be Sold Free and Clear of Encumbrances
                  Pursuant to Section 363(f)(3) ................................................ 13

C.    The Court Should Find that Buyer is a Good Faith Purchaser ................................. 13

D.    The Court Should Approve the Proposed Bidding Procedures ............................... 13

VI.    CONCLUSION ............................................................................................................... 14

Declaration of Edmund Cutting ................................................................................................... 15

Exhibit 1 – Term Sheet ................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Big Shanty Land Corp. v. Comer Properties, Inc.,*
61 B.R. 272 (Bankr. N.D. Ga. 1985) ........................................................................ 10

*In re Abbotts Dairies of Pennsylvania, Inc.,*
788 F.2d 143 (3rd Cir. 1986) .................................................................................... 10

*In re Alpha Industries, Inc.,*
84 B.R. 703  (Bankr. Mont. 1988) ............................................................................ 10

*In re Alves,*
52 B.R. 353 (Bankr. D.R.I. 1985) ............................................................................... 9

*In re Atlanta Packaging Products, Inc.,*
99 B.R. 124 (Bankr. N.D. Ga. 1988) ........................................................................ 13

*In re Canyon Partnership,*
55 B.R. 520 (Bankr. S.D. Cal. 1985) ........................................................................ 10

*In re Elliot,*
94 B.R. 343 (E.D. Pa. 1988) ..................................................................................... 12

*In re Ex-Cel Concrete Company, Inc.,*
178 B.R. 198 (B.A.P. 9th Cir. 1995) ........................................................................ 12

*In re Gabel,*
61 B.R. 661 (Bankr. W.D. La. 1985) ........................................................................ 12

*In re Gerwer,*
898 F.2d 730 (9th Cir. 1990) .................................................................................... 11

*In re M Capital Corp.,*
290 B.R. 743 (B.A.P. 9th Cir. 2003) ........................................................................ 13

*In re Paddlewheels, Inc.,*
2007 WL 1035151 (Bankr. E.D. La. April 2, 2007) ................................................. 13

*In re Pine Coast Enterprise, Ltd.,*
147 B.R. 30 (Bankr. N.D. Ill. 1992) ......................................................................... 13

*In re Red Oak Farms, Inc.,*
36 B.R. 856 (Bankr. W.D. Mo. 1984) ...................................................................... 12

*In re Walter,*
83 B.R. 14 (B.A.P. 9th Cir. 1988) .............................................................................. 9

*In re Wilde Horse Enterprises, Inc.*,
    136 B.R. 830 (Bankr. C.D. Cal. 1991) ........................................................................9, 10, 11

*Kham and Nate's Shoes No. 2, Inc. v. First Bank of Whiting*,
    908 F.2d 1351 (7th Cir. 1990) ..........................................................................................13

*Matter of Phoenix Steel Corp.*,
    82 B.R. 334 (Bankr. D. Del. 1987) .....................................................................................9

**STATUTES**

11 U.S.C. § 363 ..................................................................................................................................8

11 U.S.C. § 363(b) .......................................................................................................................9, 10

11 U.S.C. § 363(b)(1). ...........................................................................................................2, 8, 10

11 U.S.C. § 363(f) ...............................................................................................................2, 6, 11, 12

11 U.S.C. § 363(f)(2) ......................................................................................................................12

11 U.S.C. § 363(m) .............................................................................................................2, 6, 13

28 U.S.C. § 157 ..................................................................................................................................3

28 U.S.C. § 157(b) .............................................................................................................................3

28 U.S.C. § 1334 ................................................................................................................................3

28 U.S.C. § 1408 ................................................................................................................................3

28 U.S.C. § 1409 ................................................................................................................................3

Local Bankruptcy Rule 6004-1(c) .................................................................................................14

Local Bankruptcy Rule 6004-1(d) .................................................................................................14

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES DEBTOR, AND ALL INTERESTED PARTIES:**

CCC Consulting Corporation, debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), hereby moves this Court for an order authorizing the sale (the "Sale") of the following property to 671 Laurel San Carlos Associates, LLC, or its designee (the "Buyer"), pursuant to 11 U.S.C. §§ 363(b)(1) and (f), free and clear of all liens, interests, claims, and encumbrances, with such liens, interests, claims, and encumbrances to attach to the Sale proceeds with the same priority and rights of enforcement as prior to the sale: (i) Debtor's liquor license with the California Department of Alcoholic Beverage Control ("ABC"), License Number 47-617630, for the address at 677 Laurel Street, Suite B and C, San Carlos, California 94070, operating under the business name of "Patxi's Pizza" (the "Liquor License"); and (ii) all of Debtor's personal property, including all movable equipment, furniture, trade fixtures, supplies, machines and other personal property, owned by Debtor and remaining at the premises formerly occupied by Debtor at 677 Laurel Street, Suite B and C, San Carlos, California 94070 (the "Personal Property").[1]  The Liquor License and Personal Property (collectively, the "Property") would be acquired free and clear of all liens, claims, interests and encumbrances, including free and clear of all sales tax liens against the Liquor License, all security interests, and all other liens.

Debtor seeks Court approval to sell the Property to Buyer pursuant to the terms and conditions set forth collectively in the *Term Sheet for the Purchase of Certain Property of CCC Consulting Corporation* dated June 6, 2024, between the Debtor and the Buyer (the "Purchase Agreement"), and all addenda thereto, that set forth all terms and conditions of the proposed Sale, collectively attached to the Declaration of Edmund Cutting (the "Cutting Decl.") as **Exhibit 1**, subject to overbid, and requests that the Court determine that Buyer is entitled to a good faith determination pursuant to 11 U.S.C. § 363(m).  In addition to the foregoing, Debtor seeks Court approval of the bidding procedures as set forth herein.  Debtor further seeks Court approval to pay normal and customary escrow closing costs, and the specified undisputed liens on the Property through escrow as set forth herein.

---

[1] A general description of the Personal Property is attached as Exhibit 1 hereto.

In support of the Motion, Debtor respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By the Motion, Debtor proposes to sell the estate's interest in the Property to Buyer for a purchase price of Eighty Thousand Dollars ($80,000).   The Purchase Price will be paid in connection with closing, which shall occur on the later of the first business day that is at least 15 days after entry of the order granting this Motion.    Debtor and Buyer can modify the closing date for an earlier or later date that is consistent with the order granting this Motion.

Debtor believes that the offer from Buyer represents an offer that is well within the range of reasonableness—and Debtor does not believe that further marketing will result in any substantial incremental benefit to the Estate.   Moreover, the estate has an opportunity to further benefit from the proposed overbidding process set forth herein to encourage overbidding at the hearing.  For these reasons, Debtor submits that this proposed Sale is in the best interest of the estate because the consideration for the Sale of the Property is reasonable, and the estate will benefit considerably from the Sale.    Based on the foregoing, it is respectfully submitted that the Sale proposed herein provides maximum benefit to the estate and should be approved.

### II.    FACTUAL BACKGROUND

#### A.    Bankruptcy Case and Jurisdiction

On December 16, 2022 (the "Petition Date"), CCC Consulting Corporation filed its voluntary petition under chapter 11 of title 11, subchapter V, of the United States Code.

The Court has jurisdiction over this Bankruptcy Case and this Application pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

#### B.    Debtor's Background, Events that Led to the Filing of its Chapter 11 Case, and Current Status of Debtor and its Operations

The Debtor is in the business of developing and operating fast casual restaurants in California and the West, with its principal business offices located in Paramount and West Covina in Los Angeles County.  Most recently, the Debtor had two "Patxi's Pizza" restaurant locations, one in San Carlos,

California, and the other in Denver, Colorado. Unfortunately, the Denver location had to cease operations and close its doors several months prior to filing for bankruptcy relief as the result of its continuing poor performance, originating from the Covid-19 shutdowns, and followed by related and continuing business and supply chain disruptions, as well as inflationary pressures. Notwithstanding the foregoing issues, which continue to plague many small businesses nationwide, the San Carlos location managed to remain open and profitable. Recently, however, the Debtor's financial circumstances worsened because of the foregoing economic pressures, and the Debtor was forced to shutter its remaining operations.

Following the most recent hearing in this Bankruptcy Case on May 16, 2024, the Debtor and interested parties have been discussing the path forward for wrapping up this case given the Debtor's new circumstances. With the exception of the California Department of Tax and Fee Administration ("CDTFA"), the Debtor and remaining interested parties have reached an agreement—subject to Bankruptcy Court approval—for the liquidation of the remaining assets of the estate and the allocation of any sales proceeds. This Motion is the culmination of those discussions and agreement.

**C.    The Property**

As described above, the Property consists of (i) Debtor's liquor license with the California Department of Alcoholic Beverage Control, License Number 47-617630, for the address at 677 Laurel Street, Suite B and C, San Carlos, California 94070, operating under the business name of "Patxi's Pizza"; and (ii) all of Debtor's personal property, including all movable equipment, furniture, trade fixtures, supplies, machines and other personal property, owned by Debtor and remaining at the premises formerly occupied by Debtor at 677 Laurel Street, Suite B and C, San Carlos, California 94070.

**D.    Marketing Efforts, Sale Process and Terms**

Contemporaneous with the Debtor's shuttering of its operations, the Debtor received an unsolicited expression of interest to purchase the Property from the Buyer. Because of the unique nature of the primary asset—the Liquor License (which is limited to a user within a limited geographic scope)—and the *de minimus* value of the Personal Property (consisting primarily of used furniture,

MOTION TO APPROVE SALE

fixtures, and equipment of little to no resale value)[2]—further marketing of these assets is unlikely to result in any additional material monetization for the benefit of the estate, particularly given the opportunity for parties to bid for such assets at the proposed auction.

As of the date of this Motion, the estate has received only one formal offer in the amount of Eighty Thousand Dollars ($80,000.00) which is from the Buyer 671 Laurel San Carlos Associates, LLC. Subject to this Court's approval, the Purchase Agreement provides, to the extent necessary, for an escrow ("Escrow") to be opened for the transfer and issuance of the Liquor License to Buyer or its designee, with Buyer paying all application fees, costs, expenses and escrow charges related to the transfer of the Liquor License, following entry of the Approval Order. A true and correct copy of the Purchase Agreement (and exhibit) is attached to the Cutting Declaration as **Exhibit 1**.

To maximize value to the estate, the Debtor seeks to sell the Property to Buyer free and clear of all liens, interests, claims, and encumbrances with such liens, interests, claims, and encumbrances to attach to the Sale proceeds, pursuant to the terms and conditions as set forth herein and in the Purchase Agreement.

## III.    TERMS OF PROPOSED SALE

### A.    The Purchase Agreement

The Purchase Agreement (conveyed as an offer to purchase) was transmitted to the Debtor and other interested parties on June 6, 2024. The following is a summary of the terms of the Purchase Agreement. Interested parties should consult the Purchase Agreement (**Exhibit 1** to the Cutting Decl.) for the full and complete terms and conditions of the proposed Sale of the Property. In the event the following summary of the terms of Sale is found to conflict with the Purchase Agreement, the terms of the Purchase Agreement shall be controlling.

1.    Sale Price: Debtor proposes to sell the Property to Buyer, subject to Court approval, for Eighty Thousand Dollars ($80,000) ("Purchase Price"), payable in cash upon close of escrow and within five (5) business days after entry of the Approval Order (as defined in the Purchase

---

[2] In discussions with the Subchapter V Trustee and other interested parties, no one expressed a different opinion or view that the Personal Property likely had *de minimus* value.

MOTION TO APPROVE SALE

Agreement), which is not stayed or subject to appeal, and transfer and issuance of the Liquor License to Buyer, or its designee.

2.    <u>Earnest Money Deposit</u>:  There is no requirement that Buyer deposit any amounts with Escrow.

3.    <u>Brokers' Commission</u>:  The Sale is not subject to any commission payment.

4.    <u>Sale and Closing Costs</u>:    Buyer shall pay all application fees, costs, expenses and escrow charges related to the transfer of the Liquor License.

5.    <u>No Representations or Warranties</u>:  The Property will be sold by the Debtor on an **AS-IS, WHERE-IS** basis, without any representations or warranties regarding the condition of the Property.

6.    <u>Contingencies</u>:  The only contingency is the Bankruptcy Court's entry of the Approval Order, approving the sale and transfer of the Liquor License and Personal Property from the Debtor to Buyer, or its designee, free and clear of liens, claims and encumbrances and finding that Buyer is a good faith purchaser under Bankruptcy Code §§ 363(f) and 363(m).

7.    <u>Overbid</u>:  The proposed Sale to Buyer is subject to overbid.  If the Court does not approve Buyer as purchaser of the Property, Escrow shall be cancelled.

8.    <u>Close of Escrow</u>:  Escrow, to the extent necessary, shall close on the later of the first business day that is at least 15 days after entry of the order granting this Motion and the date Debtor can deliver the Property to Buyer.  Debtor and Buyer can modify the closing date for an earlier or later date that is consistent with the order granting this Motion.

9.    <u>Bankruptcy Court Jurisdiction</u>:  The United States Bankruptcy Court for the Central District of California shall have jurisdiction to interpret and enforce the Purchase Agreement.

10.    <u>Tax Consequences</u>:  Debtor expresses no opinion as to whether there are tax consequences to the Sale.

**B.    <u>Overbid Procedures</u>**

While Debtor is prepared to consummate the Sale of the Property to Buyer pursuant to the terms of the Purchase Agreement, it is obligated to seek the maximum price for the Property.

Accordingly, Debtor requests that the Court authorize it to implement an overbid procedure regarding the sale of the Property per the following terms (the "Bidding Procedures"):

1. __Present at Hearing__:  Buyer and each Qualified Bidder, defined below, must be present at the hearing on the Motion or represented by an individual or individuals with the authority to participate in the overbid process.  Appearances may be made in person in the courtroom or by ZoomGov pursuant to the Court's requirements.

2. __Notice of Overbid__:  Any party wishing to participate in the overbid process must notify Debtor in writing directed to James E. Till via email addressed to james.till@till-lawgroup.com, of his/her/its intention to do so no later than __5:00 p.m. (PT) on August 9, 2024__, and must provide evidence of his/her/its financial ability to close.

3. __Earnest Money Deposit__:  To be a qualified overbidder ("Qualified Overbidder"), each party participating in the overbid process (except for Buyer), must remit to Debtor a deposit in the amount of __$90,000__ ("Overbid Deposit") in the form of a cashier's check (no other form of payment shall be accepted) made payable to "CCC Consulting Corporation" to be received by Debtor's counsel at Till Law Group, 120 Newport Center Drive, Newport Beach, Ca  92660 at least 24 hours prior to the hearing on the Motion, i.e., __by no later than 10:00 a.m. on August 14, 2024__.  Once the Overbid Deposit has been deposited in the mail, the Qualified Overbidder must provide tracking information for the Overbid Deposit to Debtor via email addressed to james.till@till-lawgroup.com.  The Overbid Deposit shall not be refundable if such party is the successful bidder and is thereafter unable to complete the purchase of the Property per the terms of the proposed Sale.

4. __Initial Overbid__:  The initial overbid for the Property shall be __$90,000.00__, with subsequent overbids being made in minimum increments of __$2,500.00__.

5. __Successful Overbidder Subject to Terms of Purchase Agreement__.  In the event Buyer is not the successful bidder for the Property, the successful bidder ("Successful Bidder") shall then become the buyer under the same terms and conditions as set forth in the Purchase Agreement, except the Purchase Price.   Under these circumstances, the Purchase Agreement with Buyer would no longer be effective and Buyer would be entitled to a full refund of the Deposit.  Such overbid will not be subject to any contingencies.

6.    <u>Liquidated Damages, Successful Bidder's Default</u>.  If the Successful Bidder, after Court approval of the Sale to the Successful Bidder, fails to close, Debtor shall retain the Overbid Deposit as liquidated damages without further legal action.

**IV.    ENCUMBRANCES AND PROPOSED DISTRIBUTION OF SALE PROCEEDS**

The Motion seeks authority to sell the Property free and clear of all liens, interests, claims, and encumbrances with such liens, interests, claims and encumbrances to attach to the Sale proceeds. Notwithstanding, in relevant part, the Cutting Decl. identifies that there are no encumbrances.

Accordingly, the Debtor seeks authorization for distribution of the Sale proceeds through Escrow as follows:

a.    $75,000.00 to the CDTFA;

b.    $2,000.00 to the Allowed Administrative Claim of the Subchapter V Trustee, Mark Sharf;

c.    $1,500.00 to the Small Business Administration; and

d.    $1,500.00 to the Allowed Administrative Claim of Till Law Group.

The Debtor requests Court approval to hold these proceeds pending further order(s) of the Court.

**V.    DISCUSSION**

**A.    <u>The Court should Authorize the Sale of the Property in Accordance with the Purchase Agreement</u>**

The Sale as contemplated by the Purchase Agreement is in the best interests of the estate and should be approved.  Section 363 of the Bankruptcy Code authorizes the Debtor to sell estate property following notice and a hearing on terms that are fair and reasonable and the result of an arms'-length transaction.  Specifically, Section 363(b)(1) states in pertinent part that: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

In determining whether the sale of assets outside of the ordinary course of business should be approved, bankruptcy courts usually consider several factors, including: (1) whether a sufficient business reason exists for the sale; and (2) whether the proposed sale is in the best interest of the estate, which in turn consists of the following factors:  (a) that terms of the sale are fair and reasonable; (b)  that the proposed sale has been adequately marketed; (c) that the proposed sale terms have been properly

-8-

negotiated and proposed in good faith; and (d) that the purchaser is involved in an arms'-length transaction with the seller. *See In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ("In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, *i.e.*, it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, and that it is an 'arms-length' transaction."); *Matter of Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (In determining whether a proposed sale of equipment is proper under Section 363, courts should consider whether the proposed sale is fair and equitable, whether there was a good business reason for completing the sale, and whether the transaction is proposed in good faith.); *In re Alves*, 52 B.R. 353, 355 (Bankr. D.R.I. 1985) (whether to approve a sale under § 363 depends upon the integrity of sale and the best interest of bankruptcy estate).

In the instant case, the Debtor has satisfied all the applicable elements discussed above concerning the proposed sale of the Property.

### 1.    Sound Business Purpose

The Ninth Circuit Bankruptcy Appellate Panel in *In re Walter*, 83 B.R. 14, 19–20 (B.A.P. 9th Cir. 1988) adopted a flexible case-by-case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b) of the Bankruptcy Code. The facts pertaining to the sale at issue here amply substantiate the Debtor's business decision that the contemplated Sale of the Property to Buyer pursuant to the terms of the Purchase Agreement serves the best interests of the estate and merits the approval of this Court. Specifically, the Debtor's has sound reasons for the Sale to maximize the return to the estate and its creditors by liquidation of the Property. The Debtor's submits that the Sale is in the best interest of the estate because the consideration for the Sale of the Property is reasonable, and the estate will likely benefit as a result of the Sale. Thus, in the Debtor's business judgment, the proposed Sale to Buyer as contemplated by the Purchase Agreement will maximize the benefit to the estate, and, therefore, represents a sound exercise of the Debtor's business judgment. As the Court is aware, the Debtor has now shuttered its operations and has no further need for the Property and the sale of the Property would alleviate this need and concern.

MOTION TO APPROVE SALE

### 2.    Fair and Reasonable Price, Adequate Marketing

In order for a sale to be approved under Section 363(b), the purchase price must be fair and reasonable.  *See generally, In re Canyon Partnership*, 55 B.R. 520, 524–26 (Bankr. S.D. Cal. 1985). The Debtor is given substantial discretion in this regard.  *Id.*  In addition, Courts have broad discretion with respect to matters under Section 363(b) of the Bankruptcy Code.  *See Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 278 (Bankr. N.D. Ga. 1985).  In any sale of estate assets, the ultimate purpose is to obtain the highest price for the property sold.  *Wilde Horse Enterprises*, 136 B.R. at 841 (citing *Matter of Chung King, Inc.*, 753 F.2d 547 (7th Cir. 1985); *In re Alpha Industries, Inc.*, 84 B.R. 703, 705 (Bankr. Mont. 1988).

As of the date of this Motion, the estate has received only one formal offer in the amount of Eighty Thousand Dollars ($80,000.00) from the Buyer.  Notwithstanding this sole offer, the Debtor believes that Buyer's offer represents an offer that is well within the range of reasonableness—and Debtor does not believe that further marketing will result in any substantial incremental benefit to the estate.   Because of the unique nature of the primary asset—the Liquor License (which is limited to a user within a limited geographic scope)—and the *de minimus* value of the Personal Property (consisting primarily of used furniture, fixtures, and equipment of little to no resale value)—further marketing of these assets is unlikely to result in any additional material monetization for the benefit of the estate, particularly given the opportunity for parties to bid for such assets at the proposed auction.   Moreover, the estate has an opportunity to further benefit from the proposed overbidding process set forth herein to encourage overbidding at the hearing.

Based on the foregoing, the Debtor submits that the Purchase Price represents a fair and reasonable value for the Property and that this proposed Sale is in the best interest of the Estate because the consideration for the Sale of the Property is reasonable, and the Estate will benefit as a result of the Sale.

### 3.    Good Faith

When a Bankruptcy Court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the "good faith" of the purchaser.  *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149–50 (3rd Cir. 1986).  Such a procedure ensures that Section

MOTION TO APPROVE SALE

363(b)(1) will not be employed to circumvent creditor protections. *Id.* at 150. The good faith requirement focuses principally on whether there is any evidence of "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.* at 147 (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)); *see also Wilde Horse Enterprises*, 136 B.R. at 842.

Here, the terms of the Purchase Agreement are the result of good faith and arms-length negotiations between the parties. As also discussed below, other than in connection with the proposed Sale of the Property and the previous arms-length landlord-tenant relationship, Buyer has no other prior connections with the Debtor. Thus, the Debtor respectfully submits that the good faith requirement has been satisfied.

In the Debtor's business judgment, the proposed Sale to Buyer as contemplated by the Purchase Agreement will maximize the benefit to the Estate and its creditors, is fair and reasonable, and should be approved.

**B.**     <u>**The Court Should Authorize the Proposed Sale Free and Clear of All Liens,**</u> <u>**Interests, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(f)**</u>

Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor may sell the Property free and clear of liens, interests, claims, and encumbrances, with such liens, interests, claims, and encumbrances to attach to the Sale proceeds, with the same priority and rights of enforcement as previously existed. Specific to this property, the Debtor seeks to sell the Property free and clear of any encumbrances (the "Encumbrances") with such encumbrances to attach to the Sale proceeds; however, the Debtor is not aware of any parties who have or are asserting a lien or security interest in either the Liquor License or the Personal Property.

The Court has the power to authorize the sale of property free and clear of liens, claims, or interests. *See* 11 U.S.C. § 363(f); *In re Gerwer*, 898 F.2d 730, 733 (9th Cir. 1990). Section 363(f) permits a sale of property "free and clear of any interest in such property of an entity other than the estate" if ***any one*** of the following five conditions is met:

        1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

2)   such entity consents;

3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4)   such interest is in bona fide dispute; or

5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell property free and clear of liens.  *See e.g., In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (stating that Section 363(f) "is written in the disjunctive, not the conjunctive"); *In re Red Oak Farms, Inc.*, 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984) ("The requirements are written in the disjunctive and it is sufficient is the Court finds that one is met.").

**1.   The Property May Be Sold Free and Clear of the Encumbrances Pursuant to Section 363(f)(2)**

Regarding Section 363(f)(2), the "consent" of an entity asserting an interest in the property sought to be sold, as referenced in Section 363(f)(2), can be implied if such entity fails to make a timely objection to the sale after receiving notice of the sale.  *Elliot*, 94 B.R. at 345; *see also, In re Ex-Cel Concrete Company, Inc.*, 178 B.R. 198, 203 (B.A.P. 9th Cir. 1995) ("The issue here is whether there was consent or non-opposition by Citicorp."); *In re Paddlewheels, Inc.*, 2007 WL 1035151 (Bankr. E.D. La. April 2, 2007) ("The Sale Motion complies with section 363(f) of the Bankruptcy Code, in that the Trustee either obtained the consent of Whitney to the sale of the Vessel to Purchaser or Whitney had no objection to the Sale."); *In re Gabel*, 61 B.R. 661 (Bankr. W.D. La. 1985) (implied consent is sufficient to authorize a sale under § 363(f)(2)).

To the extent that the lienholder(s) of the encumbrances consent(s) by one of the two means discussed above, the Court should approve the Sale of the Property free and clear of such secured creditors' liens pursuant to Section 363(f)(2), provided that all alleged liens shall attach to the proceeds of the Sale with the same extent, validity, and priority as the prepetition liens.

/ / /

MOTION TO APPROVE SALE

**C.    The Court Should Find that Buyer is a Good Faith Purchaser**

Pursuant to Section 363(m) of the Bankruptcy Code, the Court should make a finding that Buyer is a good faith purchaser.  A purchaser of property is protected from the effects of reversal on appeal of the authorization to sell or lease as long as the Court finds that the purchaser acted in good faith and the appellant fails to obtain a stay of the sale.    *See* 11 U.S.C. § 363(m).    Although the Bankruptcy Code does not define "good faith," courts have provided guidance as to the appropriate factors to consider.    *See In re Pine Coast Enterprise, Ltd.*, 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992) ("The requirement that a purchaser act in good faith speaks to the integrity of its conduct in the course of the sale proceeding."); *Kham and Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1355 (7th Cir. 1990) (stating that the purpose of § 363(m) is to "disable courts from backtracking on promises" with respect to bankruptcy sales "in the absence of bad faith").    In *In re M Capital Corp.*, 290 B.R. 743 (B.A.P. 9th Cir. 2003), the Ninth Circuit Bankruptcy Appellate Panel held that a bankruptcy court may not make a finding of good faith in the absence of evidence but may make such a finding if appropriate evidence is presented.  290 B.R. at 746–47.

In the instant case, the Debtor requests that the Court make a finding that Buyer is a good faith purchaser within the meaning of Section 363(m).  Other than the previous landlord-tenant relationship, the Debtor has no other relation to Buyer.  Cutting Decl., ¶ 18.  Additionally, the Debtor submits that the Purchase Agreement was negotiated at arms'-length, and the proposed Purchase Price is fair consideration for the Property.  Cutting Decl., ¶ 18.  As such, a finding of good faith within the meaning of Section 363(m) is appropriate.

**D.    The Court Should Approve the Proposed Bidding Procedures**

The Bidding Procedures ensure that the Estate receives the maximum benefit of the Sale, and the Debtor submits that sufficient cause exists to approve these Bidding Procedures.  Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure contain specific provisions with respect to the procedures to be employed by a trustee in conducting a public or private sale.  Nonetheless, as one Court has stated, "[i]t is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate." *In re Atlanta Packaging Products, Inc.,* 99

MOTION TO APPROVE SALE

B.R. 124, 131 (Bankr. N.D. Ga. 1988).  Additionally, courts have long recognized the need for competitive bidding at hearings on private sales; "[c]ompetitive bidding yields higher offers and thus benefits the estate. Therefore, the objective is 'to maximize bidding, not restrict it.'" *Id.*

Here, the initial overbid exceeds the Purchase Price by $10,000 (or approx. 12.5%), with further overbids to be in increments of $2,500.  The Debtor represents these amounts are appropriate and designed to ensure serious overbids, if there are any.  The Debtor proposes that any Qualified Overbidder submit the Overbid Deposit amount to the Debtor pending the outcome of the hearing. Buyer has expended, and will continue to expend, considerable time, money, and energy pursuing the Purchase Agreement and contemplated Sale, and has engaged in extended and good faith negotiations with the Debtor.  Thus, the proposed Bidding Procedures are appropriate and should be approved.

**VI.    CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that, pursuant to section 363 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 6004(h) and Local Bankruptcy Rule 6004-1(c) and (d), this Court enter its order: (i) approving and authorizing the Debtor to take all steps necessary to sell the Property, pursuant to the Purchase Agreement attached as **Exhibit 1** to the Cutting Declaration; (ii) finding that adequate notice of the sale and the opportunity was appropriate; and (iii) granting such further and other relief as the Court deems just and proper.


Dated:  July 25, 2024                    TILL LAW GROUP


                                         By:  */s/ James E. Till*
                                             James E. Till
                                             Counsel for Debtor and Debtor-in-Possession,
                                             CCC Consulting Corporation

## <u>DECLARATION OF EDMUND CUTTING</u>

I, Edmund Cutting, hereby declare and state as follows:

1.     I am the Chief Executive Officer ("<u>CEO</u>") of CCC Consulting Corporation, a California corporation (the "<u>Debtor</u>" or "<u>CCC Consulting</u>").  On December 16, 2022, the Debtor commenced this bankruptcy case.

2.     I offer this declaration in support of the Motion for Sale of the Property (the "<u>Sale Motion</u>").

3.     In my capacity as the CEO of the Debtor, I have familiarity with the facts and circumstances of the case and have personal knowledge of matters stated in the Sale Motion.

4.     Before signing this declaration, I reviewed the Sale Motion and the Purchase Agreement, and discussed them with the Debtor's legal counsel in this case.  Attached hereto as **Exhibit 1** is a true and correct copy of the Purchase Agreement.

5.     Based on my personal knowledge and discussions with the Debtor's legal counsel, the Sale Motion and Purchase Agreement contain what I believe to be accurate historical information about the Debtor, and about the terms of the sale of the Property to 671 Laurel San Carlos Associates, LLC.

6.     The Purchase Agreement is the result of an arms-length negotiation between the Debtor and the Buyer, wherein an agreement was reached that allowed the Debtor to monetize the estate's interest in the Property, and the proceeds will bring approximately $80,000 into the Debtor's estate that is not otherwise available for satisfaction of any judgment or payment to creditors.

7.     Based on my personal knowledge of the resale value of both liquor licenses and used restaurant furniture, fixtures, and equipment, $75,000 for the Liquor License, and $5,000 for the Personal Property, are fair and reasonably equivalent value for such assets.

8.     Based on the foregoing, I respectfully request that this Court approve the Purchase Agreement and authorize its dissemination to all parties in interest to which it must be sent.

/ / /

/ / /

/ / /

MOTION TO APPROVE SALE

1    I declare the above statement to be true and correct under the penalty of perjury, under the laws

2    of the United States, and if called upon, I could and would competently testify to the truthfulness of

3    the same.

4    This declaration was executed in Honolulu, Hawaii, on July 25, 2024.

5

6    _____

7    Edmund Cutting

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO APPROVE SALE

# EXHIBIT 1

# Term Sheet

**EXHIBIT 1 - Page 17**

671 Laurel San Carlos Associates, LLC

**VIA EMAIL**

June 6, 2024

CCC Consulting Corporation
c/o James E. Till, Esq.
Till Law Group
120 Newport Center Drive
Newport Beach, CA  92660
Email: james.till@till-lawgroup.com

Re:    Term Sheet for the Purchase of Certain Property of CCC Consulting Corporation

Dear Jim:

This term sheet ("Term Sheet") outlines the principal business terms and conditions for a proposed purchase by 671 Laurel San Carlos Associates, LLC, or its designee ("Buyer"), of certain property and interests of CCC Consulting Corporation ("Debtor"), debtor-in-possession in Case No. 2:22-bk-16853-WB ("Case"), United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"), free and clear of any liens, claims, interests or encumbrances, as more particularly described below and subject to customary provisions for transactions of this kind.

1.    <u>Property</u>.

a.    Debtor's liquor license with the California Department of Alcoholic Beverage Control ("ABC"), License Number 47-6177630, for the address at 677 Laurel Street, Suite B and C, San Carlos, California  94070, operating under the business name of "Patxi's Pizza" ("Liquor License").

b.    All of Debtor's personal property, including all movable equipment, furniture, trade fixtures, supplies, machines and other personal property, owned by Debtor and remaining at the premises formerly occupied by Debtor at 677 Laurel Street, Suite B and C, San Carlos, California  94070 ("Personal Property").  A general description of the Personal Property is attached as Exhibit 1 hereto.

c.    The Liquor License and Personal Property (collectively, the "Property") would be acquired free and clear of all liens, claims, interests and encumbrances, including free and clear of all sales tax liens against the Liquor License, all security interests, and all other liens.

2.    <u>Purchase Price</u>.  The purchase price for acquisition of the Property shall be Eighty Thousand Dollars ($80,000)("Purchase Price"), with Seventy-Five Thousand Dollars ($75,000) allocated for the purchase of the Liquor License and Five Thousand Dollars ($5,000) allocated for the purchase of the Personal Property.  The Purchase Price shall be paid by Buyer within five (5)

**EXHIBIT 1 - Page 18**

business days after entry of the Approval Order (defined below), which is not stayed or subject to appeal, and transfer and issuance of the Liquor License to Buyer, or its designee.

3.    <u>Bankruptcy Court Approval</u>.  Buyer's purchase of the Property described herein is expressly conditioned upon the entry of an order, in a form satisfactory to Buyer in its reasonable discretion, approving such sale by the Bankruptcy Court in the Case (the "Approval Order") pursuant to sections 363(b), (f) and (m) of the Bankruptcy Code.  At a minimum, the Approval Order shall provide for the following with respect to the Property: (i) the sale of the Property shall be free and clear of all liens, claims, interests and encumbrances, including a release of any "tax hold" against the Liquor License; (ii) a finding that notice of the sale of the Property was proper; (iii) a finding that each of the United States Small Business Administration ("SBA"), California Department of Tax and Fee Administration ("CDTFA"), and the Subchapter V Trustee consent to the sale of the Personal Property and Liquor License, respectively; (iv) a finding that Buyer is a good faith purchaser of the Property in accordance with section 363(m) of the Bankruptcy Code; (v) a finding that the sale of the Property is in the best interest of Debtor's bankruptcy estate; (vi) the Court's approval of sale of the Property and authorization for Debtor to sell, convey and transfer such Property to Buyer as contemplated herein; (vii) waiver of the stay under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and (viii) a finding that Debtor has authority to execute as documents required by the ABC to transfer and issue the Liquor License to Buyer, or its designee.  Buyer's purchase of the Property is further expressly conditioned upon entry of an Approval Order by July 31, 2024, unless such deadline is extended by Buyer.

4.    <u>Escrow</u>.  To the extent necessary, an escrow ("Escrow") shall be opened for the transfer and issuance of the Liquor License to Buyer or its designee, with Buyer paying all application fees, costs, expenses and escrow charges related to the transfer of the Liquor License. Debtor and the CDTFA agree to cooperate and take actions necessary, including execution of all forms, documents and escrow instructions, to effectuate the transfer and issuance of the Liquor License to Buyer, or its designee, following entry of the Approval Order.

5.    <u>Expenses</u>.  Each party shall be responsible for its own legal, accounting and other fees and expenses related to the transaction contemplated herein.

6.    <u>Governing Law</u>.  This Term Sheet and the purchase and sale of the Property contemplated thereby shall be governed by and construed in accordance with the laws of the State of California, without reference to the conflicts of laws provisions thereof.

Please indicate your acceptance of Buyer's proposal to purchase the Property upon the terms and conditions set forth above, and your consent to such purchase, by countersigning this Term Sheet.

All parties agree that in all matters pertaining to this transaction and with specific regard to delivery of all requested documents that time is of the essence.

**EXHIBIT 1 - Page 19**

If acceptance of and consent to this Term Sheet is not provided to Buyer within five (5) business days of the date of this Term Sheet, this Term Sheet shall automatically and irrevocably terminate.

Very truly yours,

671 Laurel San Carlos Associates, LLC

By: _____

Its Authorized Individual

Accepted as of the date set forth below:

CCC Consulting Corporation

By: _____
Name:_____
Title:_____

Date: _____

Consent as of the date set forth below:

California Department of Tax and Fee Administration

By: _____
Name:_____
Title:_____

Date: _____

United States Small Business Administration

By: _____
Name:_____
Title:_____

Date: _____

**EXHIBIT 1 - Page 20**

Subchapter V Trustee

By: _____
Name:_____


Date: _____
_____

**EXHIBIT 1 - Page 21**

**EXHIBIT 1**

**DESCRIPTION OF PERSONAL PROPERTY**

Metal rolling racks

Stainless steel prep tables

Under-counter refrigerators (kitchen and bar areas)

Miscellaneous food preparation equipment (slicer, grinder, microwave, dough mixer)

Ecolab dishwasher, counters and sinks

Ice machine

Stainless steel counters

Under-counter ice machine

Soft drink dispensers (dining and bar areas)

Tap beer dispenser

Wood dining tables

4 wall mounted televisions

Mounted speakers

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
120 Newport Center Drive, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **Debtors Motion for Order:  (1) Authorizing Sale of (i) Debtor's Liquor License, And (ii) Debtors Personal Property, Free and Clear of All Liens, Interests, Claims, and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds Pursuant to 11 U.S.C. Sections 363(b) and (f); (2) Approving Overbid Procedures; (3) Determining Buyer or Successful Bidder Is Entitled to Protection Pursuant to 11 U.S.C. Section 363(m); Memorandum of Points and Authorities and Declaration of Edmund Cutting in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 25, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Attorneys for Debtor CCC Consulting Corporation:  **James E Till**: james.till@till-lawgroup.com; sfritz@till-lawgroup.com; martha.araki@till-lawgroup.com; myrtle.john@till-lawgroup.com
- Subchapter V Trustee:  **Mark M Sharf (TR)**: mark@sharflaw.com; C188@ecfcbis.com; sharf1000@gmail.com
- Attorneys for Creditor JMS Development Partners, LLC:  **Michael S Greger, William W Huckins**: mgreger@allenmatkins.com; whuckins@allenmatkins.com; clynch@allenmatkins.com; igold@allenmatkins.com; kpreseton@allenmatkins.com
- Attorneys for Creditor Profssional Building Care, Inc.:  **Chris D. Kuhner**:  c.kuhner@kornfieldlaw.com
- Attorney for Matthew D. Pham:  **Matthew D. Pham**:  mpham@allenmatkins.com,  mdiaz@allenmatkins.com
- United States Trustee (SA):  ustpregion16.la.ecf@usdoj.gov;  **Hatty Yip**:  hattie.k.yip@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to the procedures of the Honorable Julia W. Brand, Judge Brand waives application of LBR 5005-2(d) to serve Judge's copies for all documents unless otherwise directed by the Court.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 25, 2024 | Martha Araki | /s/ Martha Araki |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:22-bk-16853-WB
Central District of California
Los Angeles
Thu Jul 25 13:38:47 PDT 2024

CCC Consulting Corporation
604 Wrede Way
West Covina, CA 91791-2351

California Department of Tax and Fee Adminis
Special Procedures Section MIC 82
450 N Street
P. O. Box 942879
Sacramento, CA 95814-4311

~~JMS Development Partners, LLC~~
~~c/o William W. Huckins~~
~~Allen Matkins LLP~~ **NEF PARTY**
~~Three Embarcadero Center~~
~~12th Floor~~
~~San Francisco, CA 94111-4037~~

LIMNEXUS LLP
707 Wilshire Blvd. 46th Fl.
Los Angeles, CA 90017-3501

~~Professional Building Care, Inc.~~
~~c/o Chris D. Kuhner, Esq.~~
~~Kornfield Nyberg Bendes Kuhner & Little~~
~~1970 Broadway, Suite 600~~
~~Oakland, CA 94612-2218~~ **NEF PARTY**

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

671 Laurel San Carlos Associates, LLC
677 Laurel Street Associates, LLC
c/o JMS Development Partners
1140 Laurel Street, Ste. B
San Carlos, CA 94070-5054

AFLAC
Attn: Rosario Ronquillo
4500 Park Granada Blvd #202
Calabasas, CA 91302-1666

AMEX - Business Platinum
Rausch Sturm LLP
250 N Sunnyslope Rd Ste 300
Brookfield, WI 53005-4824

Ace Foods LLP
Attn Marie C Mirch Esq
1180 Rosecrans St Ste 104-557
San Diego, CA 92106-2660

Alvaro Alvarez
519 Anacapa St Apt B
Santa Barbara, CA 93101

American Express - Business Gold Reward
Rausch Sturm LLP
250 N Sunnyslope Rd Ste 300
Brookfield, WI 53005-4824

American Express - Business Platinum
Rausch & Sturm LLP
250 N Sunnyslope Rd Ste 300
Brookfield, WI 53005-4824

American Express - Plum
Rausch Sturm LLP
250 N Sunnyslope Rd Ste 300
Brookfield, WI 53005-4824

Andres S Baisch
955 Cherry St
San Carlos, CA 94070-3204

Andrew McCauley
815 E Fremont Ave
Sunnyvale, CA 94087-2915

Andrew Osorio
1 Plaza View Ln
San Mateo, CA 94404-5114

Andy Top
721 Whipple Ave
Redwood City, CA 94063-1228

Aramark
PO Box 101179
San Mateo, CA 94403

Aramark
PO Box Box 731676
Dallas, TX 75373-1676

Aubriana A Campbell
3135 Campus Dr #106
San Mateo, CA 94403-3130

Berkovitch & Bouskila, PLLC
1545 U.S. 202, Suite 101
Pomona, NY 10970-2951

(p)BEVERAGE DISTRIBUTORS COMPANY LLC
ATTN MIKE STEIN
3980 CENTRAL PARK BLVD
DENVER CO 80238-3803

Brenda Rodriguez
5218 Keo Dr
Santa Barbara, CA 93111-2104

CCC Capital Inc
8028 Harrison St
Paramount, CA 90723-5452

CCC Entertainment Corp
802 Harrison St
Paramount, CA 90723

CCC Livinroom Corporation
8028 Harrison St
Paramount, CA 90723-5452

CCC Patxis Corporation
10824 Archway Dr
Long Beach, CA 90804

CCC Patxis Pizza 2 Corp
8028 Harrison St
Paramount, CA 90723-5452

California Dept Tax and Fee Admin
Attn Maria Hales
3321 Power Inn Rd Ste 210
Sacramento, CA 95826-3893

California Dept. of Tax and Fee Administrati
Collection Support Bureau, MIC: 55
PO Box 942879
Sacramento, CA  94279-0055

California Dept. of Tax and Fee Administrati
Collections Support Bureau, MIC: 55
PO Box 942879
Sacramento, CA 94279-0001    **DUPLICATE**

Carlos Gasga
671 Laurel St Apt 103B
San Carlos, CA 94070-3111

Celeste Di Maria
620 W Gutierrez St
Santa Barbara, CA 93101-4569

Celtic Bank
268 State St #300
Salt Lake City, UT 84111-5314

Christopher Vella
RP Commercial
5318 E 2nd St #303
Long Beach, CA 90803-5324

(p)CITY AND COUNTY OF DENVER
ATTN ATTENTION BANKRUPTCY
201 W COLFAX AVE
DEPT 1009 MC 1001
DENVER CO 80202-5329

City and County of Denver
PO Box Box 660861
Dallas, TX 75266-0861    **RETURNED MAIL**

Claro Pirir
145 Roosevelt Ave #36
Redwood City, CA 94061-2359

Colorado Department of Revenue
Attn: Bankruptcy Unit Rm 104
1881 Pierce St
Lakewood, CO 80214-1407

Colorado Department of Revenue
P O Box 17087
Denver, CO 80217-0087

Coors Distributing
Attn: Blair Lynzie
5400 Pecos
Denver, CO 80221-6404

Cristian Carballo Valladares
712 Madison Ave Apt A
Redwood City, CA 94061-1645

Cutting Catering
8028 HarrisonSt
Paramount, CA 90723-5452

Cutting Concepts Corporation
Attn Steve Luan Esq
2451 Huntington Dr
San Marino, CA 91108-2644

Daly Property Management
9743 Oakmore Rd
Los Angeles, CA 90035-4023

Danta Sosa
712A Madison Ave
Redwood City, CA 94061-1645

Denver Beverage
Attn: Nick Christensen
353 West 56th Ave
Denver, CO 80216-1621

Denver Water
P O Box 173343
Denver, CO 80217-3343

Devils Canyon Brewing Company
935 Washington St
San Carlos, CA 94070-5316

Direct TV
P O Box 5006
Carol Stream, IL 60197-5006

Donovin P Caldwell
129 Leanne Ln
Concord, CA 94518-2010

Edgar Aguilar
1244 Cherry St Apt 3
San Carlos, CA 94070-3126

Edmund Cutting
604 Wrede Way
West Covina, CA 91791-2351

Edmunds
8028 Harrison Sts
Paramount, CA 90723-5452

Elizabeth Bertin
1814 Robbins St
Santa Barbara, CA 93101-4628

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814
**DUPLICATE**

Employment Development Dept
Bankruptcy Unit MIC 92E
PO Box Box 826880
Sacramento, CA 94280-0001

Erick Top
721 Whipple Ave
Redwood City, CA 94063-1228

Essential Plastics
Attn: Milena Nichols
4901 Nome St
Denver, CO 80239-2715

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Gerson Top
721 Whipple St
Redwood City, CA 94063-1228

Gil Hopenstand
312 N Spring Street, 5th Fl
Los Angeles, CA 90012-4701

Golden Brands
245 S Spruce Ave #900
South San Francisco, CA 94080-4587

IFS
5496 Lindbergh Lane
Bell , CA 90201-6409

Image Systems Signs Inc
Attn: Sergio Meiron
870 Crenshaw Blvd Unit 101
Los Angeles, CA 90005-5202

Internal Revenue Service
PO Box Box 7346
Philadelphia, PA 19101-7346

Isaac A Cifuentes
1024 Adams St Apt 1
Redwood City, CA 94061-2352

JMS Development Partners
Angi DiPaola
P O Box 1334
San Carlos, CA 94070-7334

~~JMS Development Partners~~
~~Box 1334~~
~~San Carlos, CA 94070-7334~~
**DUPLICATE**

Jacob Macias
1024 Palmetto Way Unit B
Carpinteria, CA 93013-2855

Jade Kung
22627 Myrtle Circle
Hayward, CA 94541-6335

Jesus Avina
5218 Mono Dr
Santa Barbara, CA 93111-2112

Jordan Scott
325 S Los Robles Ave #3
Pasadena, CA 91101-3218

Kalamata Capital LLC
1545 U.S. 202, Suite 101
Pomona, NY 10970-2951

Kalmata Capital Inc
Attn Ariel Bouskila Esq
80 Broad St Ste 3303
New York, NY 10004-2845

Kevin E Carballo Valladares
810 Coleman Ave
Menlo Park, CA 94025-2451

Law Office of Patrick C Carroll
Attn Patrick Carroll Esq
6440 Oak Canyon Ste 250
Irvine, CA 92618-5211

Levi Chagoya
130 S Soledad
Santa Barbara, CA 93103-3587

Mackenzie Clarke
163 Silver Ave
Redwood City, CA 94061

Mara Parau
416 E Valerio St
Santa Barbara, CA 93101-1119

Matagrano Inc
R. Fernandez
P O Box 2588
South San Francisco, CA 94083-2588

Mathias White
8529 Arcade Oaks Ct
Orangevale, CA 95662-6011

Matthew Lloyd
620 Cassia St
Redwood City, CA 94063-2018

Maurilio Munoz-Severiano
2102 Bath St
Santa Barbara, CA 93105-4357

Narciso Suarez
122 Hurlbut St
Pasadena, CA 91105-4033

Noah Sanders
779 Camino Pescadero
Goleta, CA 93117-4620

ODK Capital, LLC
1400 Broadway
New York, NY 10018-5300

Patsyann Sutton
964 E Badillo St
Covina, CA 91724-2950

Patxis Limited
Attn Michael Nakhleh
466 E Foothill Blvd #356
Altadena, CA 91001

Pinnacle Business Funding LLC
1202 Ave U Ste 1115
Brooklyn, NY 11229-4107

Produce Available Inc
910 Commercial Ave
Oxnard, CA 93030-7232


Professional Building Care Inc
131 Industrial Way Ste 15
Belmont, CA 94002-8209

Professional Building Care, Inc
1970 Broadway #600
Oakland, CA 94612-2218

RP Commercial
5318 E 2nd St #303
Long Beach, CA 90803-5324


Raquel Gonzalez
2351 Coral St
Los Angeles, CA 90031-2916

Redondo Investment Company
Attn Claudia Mourad Esq
29 Orchard Rd
Lake Forest, CA 92630-8300

Reid & Wise LLP
Attn Robert K Lu Esq
633 W Fifth St 26th FL
Los Angeles, CA 90071-2053


Republic Service
P O Box 78839
Phoenix, AZ 85062-8839

Ruben Flores
5362 Holister Ave Apt 11
Santa Barbara, CA 93111-2330

Ryan Patrick Sharkey
212 W Valerio St
Santa Barbara, CA 93101-2930


Seth Lindauer
Attn Marie Mirch Esq
1180 Rosecrans St Ste 104-557
San Diego, CA 92106-2660

Slaters 50 50
8028 Harrison St
Paramount, CA 90723-5452

Slaters 50/50 Bacon Burgers Beer
8028 Harrison St
Paramount, CA 90723-5452


(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

SoCalGas
PO Box 30337
Los Angeles  CA 90030-0337

Southern California Gas
Remittance Processing
1801 S Atlantic Blvd ML 711D
Monterey Park, CA 91754-5207


Southern Glazers
Attn Thomas Koehorst
PO Box 742313
Los Angeles, CA 90074-2313

Southern Glaziers of CO
Attn: Dan Haveck
22800 E 19th Ave
Aurora, CO 80019-3717

State Board of Equalization
Account Information Group MIC 29
PO Box 942879
Sacramento, CA 94279-0029


Stonefire Pizza Co
8028 Harrison St
Paramount, CA 90723-5452

US Foods
P O Box 394766
San Francisco, CA 94139-4766

US Foods, Inc.
Brian Shaw
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606-1770


United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560
**NEF PARTY**

Vance A Brown
1519 San Pascual St Unit A
Santa Barbara, CA 93101-7803

Wesierski & Zurek LLP
Attn Claudia Mourad Esq
29 Orchard Rd
Lake Forest, CA 92630-8300


(p)XCEL ENERGY
ATTN ATTN BANKRUPTCY DEPARTMENT
PO BOX 9477
MINNEAPOLIS MN 55484-0001

James E Till
Till Law Group
120 Newport Center Dr
Newport Beach, CA 92660-6909
**NEF PARTY**

(p)MARK SHARF
6080 CENTER DRIVE SUITE 600
LOS ANGELES CA 90045-1540
**NEF PARTY**